JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. The court has determined that the issues presented occasion no need for an opinion. See Fed. R.App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s orders filed July 15, 2002, and August 29, 2002, be affirmed. Appellant failed to present to the district court or the bankruptcy court his arguments that the bankruptcy court erred in concluding appellant filed the Chapter 13 petition in bad faith; the court failed to warn him that he was required to show good faith; appellant’s testimony established that he filed the petition in good faith; and automatic stays are effective without no *831 tice to creditors. Accordingly, the court will not consider them. See District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1084 (D.C.Cir.1984).
As to appellant’s argument that the bankruptcy court erred in finding Aames Home Loan lacked notice of the Chapter 13 filing before the foreclosure sale, appellant has failed to show clear error. In light of the evidence adduced at the January 24, 2002, hearing, the bankruptcy court did not clearly err in concluding White did not make an adequate telephone call to put Aames’ counsel on notice to stop the foreclosure sale. To the extent the bankruptcy court simply credited the testimony of the law firm employee involved in the foreclosure that no call was received from appellant regarding the Chapter 13 fifing over appellant’s testimony, the court was entitled to do so. See Anderson v. City of Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (“Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.”).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.